Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2103 | **DATE** | 6/26/2002 |
| **CASE TITLE** | | Robinson v. Parkshore Coop, etal. | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion for Summary Judgment (#4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the attached reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment. All pending dates and motions are terminated as moot. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | JUN 27 2002 date docketed | |
| ✓ | Docketing to mail notices. | CDY docketing deputy initials | 18 |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | jh | Date/time received in Central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RENAULT ROBINSON and )
ANNETTE ROBINSON )
    Plaintiffs, )
) CASE NO. 01 C 2103
v. )
) JUDGE WILLIAM J. HIBBLER
PARKSHORE COOPERATIVE; )
WOLIN-LEVIN, INC.; and )
VICTOR GALETI, )
    Defendants. )

## MEMORANDUM AND ORDER

The Court has before it Defendants' motion for summary judgment. For the following reasons, Defendants' motion is **GRANTED**.

In Count I, Mr. and Mrs. Renault and Annette Robinson ("Plaintiffs") allege the Parkshore Cooperative, Wolin-Levin Inc. and the Cooperative's property supervisor ("Defendants") denied Plaintiffs possession of the storage closet in their housing complex because Plaintiffs are African-Americans and instead granted possession to a white occupant, in violation of the Fair Housing Act, 42 U.S.C. § 3604. In Count II, Plaintiffs allege Defendants' action denied Plaintiffs the same, full, and equal benefits of white residents of Parkshore Cooperative, in violation of the Civil Rights Act, 42 U.S.C. § 1982.

### Standard of Review

The Court will grant summary judgment on the issues presented only if no genuine issue of material fact exists and the moving

1

party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local No. 12 Pension & Welfare Plans,* 991 F.2d 356 (7th Cir. 1993). To avoid summary judgment, the party opposing the motion cannot merely rest on the pleading, but must present specific facts demonstrating a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). All inferences will be drawn in favor of the non-moving party on the respective issues. *Holland v. Jefferson Nat'l Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir. 1989).

**Analysis**

*Count I*

Plaintiffs allege a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3604. To prevail on a Section 3604 claim, Plaintiffs must demonstrate either (1) disparate treatment (i.e. intentional discrimination) or (2) disparate impact (i.e. discriminatory effect). *Anast v. Commonwealth Apartments,* 956 F.Supp. 792, 800 (N.D. Ill. 1997).

<u>Disparate Treatment</u>

To survive summary judgment on a disparate treatment claim, Plaintiffs must establish discriminatory intent by presenting evidence of prejudice: (1) directly, through direct or circumstantial evidence; or (2) indirectly, through the burden shifting method of the *McDonnell Douglas* test. *Kormoczy v. U.S.*

2

*Dep't of Hous. and Urban Dev.*, 53 F.3d 821, 823-824 (7th Cir. 1995); *Cavalieri-Conway v. Butterman & Assoc.*, 992 F.Supp. 995, 1002 (N.D. Ill. 1998), *aff'd*, 172 F.3d 52 (7th Cir. 1999)("The elements of an action alleging housing discrimination parallel the elements for an action alleging employment discrimination under Title VII.").

Under the direct method, a plaintiff brings direct evidence of housing discrimination when he or she presents a "smoking gun" of discriminatory intent. *Cavalieri-Conway*, 992 F.Supp. at 1003. Plaintiffs have presented no direct evidence of intentional discrimination in this case. In the alternative, circumstantial evidence under the direct method exists in two forms: (1) suspicious timing, ambiguous statements, behavior toward or comments directed at others in the protected group (e.g. African-Americans) and (2) evidence that others similarly situated to the plaintiff, other than in the characteristic on which the defendant is forbidden to base a difference in treatment (e.g. race), received systematically better treatment.[1] *Id.* The record is devoid of evidence demonstrating either permissible type of circumstantial evidence. Instead, Plaintiffs merely assert the occupant who received possession of the closet was white while they were black. (R. Robinson Dep. at 50.) In particular, when

---

[1] The Seventh Circuit has recognized a third form of circumstantial evidence: evidence that the plaintiff was qualified, but was passed over in favor of a person not having the forbidden characteristics and that defendant's stated justification for the difference in treatment is unworthy of belief or simply a pretext for discrimination. *Cavalieri-Conway*, 992 F.Supp. at 1003. The Seventh Circuit emphasized this third type of circumstantial evidence is the same type of evidence as required under the indirect method and, thus, analyzed it separately. *Huff v. Uarco, Inc.*, 122 F.3d 374, 380 (7th Cir. 1997). Similarly, this Court will analyze it separately.

3

Plaintiffs were asked during depositions whether they had any evidence of a racial motive or discriminatory intent on the part of the Defendants, Plaintiffs conceded they did not have any such evidence. (R. Robinson Dep. at 42, 43, 50.) Plaintiffs rely on having no other explanation and their own subjective feelings, which is insufficient to create a factual dispute on the issue. *Cavalieri-Conway*, 992 F.Supp. at 1004; *Alexander v. Briar-Grace Mgmt. Co.*, No. 87 C 9348, 1989 WL 81958, at *5, (N.D. Ill. July 13, 1989).

Under the indirect method, the Court applies the burden shifting test of *McDonnell Douglas*, which provides: (1) the plaintiff bears the initial burden of proving a prima facie case of housing discrimination by a preponderance of the evidence; (2) if the plaintiff satisfies this initial burden, then the plaintiff has created a presumption of illegality and the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged actions; and (3) if the defendant meets this burden, then the plaintiff has the opportunity to prove by a preponderance of the evidence that the nondiscriminatory justification asserted by the defendant is only a pretext for discrimination. *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Cavalieri-Conway*, 992 F.Supp. at 1005.

To establish a prima facie case of discrimination under the FHA, Plaintiffs must show: 1) Plaintiffs are members of a protected

4

class; 2) Defendants knew this; 3) Plaintiffs were qualified to possess the storage closet; and 4) Defendants refused to provide them the closet despite Plaintiffs' qualifications. *Hamilton v. Svatik*, 779 F.2d 383, 387 (7th Cir.1985); *Cavalieri-Conway*, 992 F.Supp. at 1005. Plaintiffs have established a prima facie case of discrimination. Plaintiffs are members of a protected class; Defendants knew they are African-Americans. As residents of the building and the floor with the storage closet at issue, Plaintiffs were ready and able to possess the storage closet; Plaintiffs have shown Defendants refused to assign them the closet despite their qualifications.

While Plaintiffs have alleged a prima facie case of discrimination, Defendants have produced a legitimate, nondiscriminatory reason for their action. When Plaintiffs approached the building's property supervisor and asked him to assign to them their floor's storage closet after the vacating tenant's left the building, the property supervisor presented the issue of possession of closets to the Parkshore Cooperative's Board. The Board recognized no policy for assignment and possession of storage closets existed at that time and ordered the property supervisor to investigate the situation and report back. The supervisor ordered the new tenant, who had assumed possession of the storage closet from the vacating tenant, to remove her items from the closet; the new tenant protested to the Board. In

response to these inquiries, the Board determined that building-wide the resident with the most seniority on the closet's floor would use the storage closets, as Plaintiffs suggested; however, in the interest of fairness to the new tenant and other residents then using storage closets, all possessors would be permitted to continue to possess their closets until they moved out of the building.[2] Thus, Defendants made their decision in the interest of fairness for all the building's residents; by "grand-fathering" all current possessors of storage closets until these tenants move out of the building, Defendants do not impose an unreasonable retroactive policy but instead prospectively adopt and implement the policy suggested by Plaintiffs. Further, Plaintiffs have come forward with no evidence indicating Defendants' asserted reasons were a pretext for intentional discrimination. Therefore, Plaintiffs have not met their burden to produce evidence of indirect discrimination.

## Disparate Impact

Because Plaintiffs cannot establish intentional discrimination on the part of Defendants, the Court's analysis must proceed under a disparate impact theory. A Section 3604 disparate impact claim does not require proof of discriminatory intent. *Hamilton v. Svatik*, 779 F.2d 383, 387 (7th Cir. 1985). However, not every action which produces a discriminatory effect is illegal. *Metro.*

---

[2] Defendant offered Plaintiffs additional storage space in the basement of the building; Plaintiffs declined.

*Hous. Dev. Corp. v. Vill. of Arlington Heights*, 558 F.2d 1283, 1290 (7th Cir. 1977).

In *Arlington Heights*, the Seventh Circuit noted a court has discretion in determining whether a particular case warrants relief under the FHA in the absence of intent. *Id.* at 1290. The court then articulated four "critical factors" to guide in the exercise of this discretion: (1) the strength of the plaintiffs' discriminatory effect showing; (2) some evidence of discriminatory intent; (3) the defendant's interest in taking the action at issue; and (4) whether the relief requested requires the defendant to affirmatively act or simply restrain interference with those who wish to provide it. *Id.*; *see also Gomez v. Chody*, 867 F.2d 395, 400-401 (7th Cir. 1989). The court must consider all of the facts together and balance them against each other. *Hispanics United of DuPage County v. Village of Addison*, 988 F.Supp. 1130, 1151 (N.D.Ill.1997).

The first element requires a showing of a greater adverse impact on one race than another. *Id.* at 1155. Here, Plaintiffs have provided no evidence Defendants' policy regarding assignment of storage lockers effected the African-American population in the building differently and more harshly relative to the non-African-American population. Instead, Plaintiffs have alleged personal facts regarding their individual situation; as such, Plaintiffs have asserted no racially discriminatory effect actionable under

7

the FHA, because only Plaintiffs were adversely affected by the Defendants' action. Thus, based upon the lack of data, statistics or related information, Plaintiff's showing of discriminatory effect is weak and they cannot show the policy has a greater adverse impact on African-Americans.

Second, a showing of discriminatory intent under disparate impact requires that the plaintiff give "some indication ... which might be suggestive rather than conclusive ... of discriminatory intent." *Phillips v. Hunter Trails Community Ass'n*, 685 F.2d 184, 190 (7th Cir. 1982). Plaintiffs provide no evidence of discriminatory intent on the part of Defendants and admit as much in their depositions. There is nothing even suggestive of discriminatory intent here.

The Seventh Circuit considered the third element in *Arlington Heights* and held that when the defendant is "a group of private individuals seeking to protect private rights, the courts cannot be overly solicitious" when the alleged effect of their actions is discrimination in housing. 558 F.2d at 1293. Thus, while municipalities have wide discretion in zoning matters and the plaintiff bears a heavy burden in proving discriminatory effect, private tenants' boards enjoy no such deference in their decision making. *Id.* Here, Defendants were acting properly within the scope of their authority. Defendants' interest in enacting the closet policy was to ensure all residents had an equitable process

8

for assignment and possession of storage closets and to guarantee the residents have adequate storage. Thus, Defendant had a legitimate interest in imposing the building policy.

The final factor which effects the Court's exercise of its discretion is the nature of the relief which Plaintiffs' seek. Courts should be reluctant to grant relief when the plaintiff seeks affirmative relief. *Arlington Heights*, 558 F.2d at 1293. If the court orders a FHA defendant to provide affirmative relief, such as to pass policies or rules, build housing or take other affirmative steps toward non-discriminatory housing, then such mandates require serious justification, *Hispanics United*, 988 F.Supp. at 1163, because it is a "massive judicial intrusion on private autonomy." *Arlington Heights*, 558 F.2d at 1293. Here, Plaintiffs demand money damages as well as "immediate possession" of the storage closet, i.e. affirmative relief. Plaintiffs have failed to suggest the policy's discriminatory impact merits such a drastic remedy and the Court will not order Defendants to violate their race-blind policy without substantial justification.

In sum, the four factors here do not add up to a case warranting relief under the FHA and the Court finds no genuine issue of fact for trial. Plaintiffs' Section 3604 claim fails under both disparate treatment and disparate impact theories.

### Count II

In Count II, Plaintiffs allege Defendants' refusal to assign

Plaintiffs the storage closet violated Section 1982 of the Civil Rights Act. Section 1982 prohibits discrimination in property transactions. 42 U.S.C. § 1982; *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). To establish a claim under Section 1982, Plaintiffs must establish: (1) they are members of a racial minority; (2) Defendants intended to discriminate against them on the basis of their race; and (3) the discrimination concerned the rights enumerated in the statute. *Morris*, 89 F.3d at 413; *Hamilton*, 779 F.2d at 387.

Plaintiffs may successfully establish the first and third elements, because Plaintiffs are African-Americans and the alleged discrimination involved their alleged property rights in the storage closet. However, Plaintiffs' Section 1982 claim fails because they have not presented any evidence demonstrating intentional discrimination. *Hamilton*, 779 F.2d at 387 (Section 1982 requires a showing of intentional discrimination).

## Conclusion

Therefore, for the above stated reasons, the Court **GRANTS** Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

**DATED:** June 26, 2002

WILLIAM J. HIBBLER, DISTRICT JUDGE